UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, INC. a/s/o Breakthru Beverage Minnesota Wine & Spirits, LLC, and BREAKTHRU BEVERAGE MINNESOTA WINE & SPIRITS, LLC, <br><br> Plaintiffs, <br><br> - v. - <br><br> JPF INC., JRO GLOBAL, INC., and EASY EXPRESS, <br><br> Defendants. | 22 Civ. <br><br> **COMPLAINT** <br> JURY TRIAL DEMANDED |

Plaintiffs Starr Indemnity & Liability Company, Inc. ("Starr") and Breakthru Beverage Minnesota Wine & Spirits, LLC ("BBM"), by and through their attorneys, allege as follows:

### INTRODUCTION

1. This is an action for breach of contract of interstate motor carriage arising from damage to a shipment of Jack Daniel's liquor ("Cargo") owned by BBM, insured by Starr, and tendered to the defendants for motor carriage from Lynchburg, Tennessee to St. Paul, Minnesota.

1

## JURISDICTION & VENUE

2. This action involves interstate transportation of goods by motor carrier. This Honorable Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, specifically 49 U.S.C. § 14706 (the "Carmack Amendment" to the ICC Termination Act of 1995).

3. Venue is proper in this Honorable Court pursuant to 49 U.S.C. § 14706(d)(in).

## PARTIES

4. At all times material, BBM was a Minnesota corporation with an office for the transaction of business at 489 Prior Avenue North, St. Paul, Minnesota 55104.

5. BBM owned the Cargo.

6. At all times material, Starr was a corporation organized under the laws of the State of Texas, with an office and place of business located at 399 Park Avenue, 2nd Floor, New York, New York 10022.

7. Starr insured the Cargo, paid BBM's losses resulting from the incident detailed herein, and is thereby subrogated to BBM's rights to the extent of that payment.

8. BBM and Starr bring this action on their own behalves and as agents or trustees on behalf of all having an interest in the subject shipment.

9. Upon information and belief, at all times material, Defendant JPF Logistics, Inc. ("JPF") was a South Dakota company with an office for the transaction of business at 605 East Plum Creek Road, Sioux Falls, South Dakota 57105.

10. Upon information and belief, at all times material, JPF was registered with the United States Department of Transportation as an interstate motor carrier with U.S.D.O.T. number 2216218.

11. Upon information and belief, at all times material, Defendant JRO Global, Inc. ("JRO") was an Illinois company with an office for the transaction of business at 4249 West Diversey Avenue, Chicago, Illinois 60639.

12. Upon information and belief, at all times material, JRO was registered with the United States Department of Transportation as an interstate motor carrier with U.S.D.O.T. number 3425333.

13. Upon information and belief, at all times material, Defendant Easy Express ("Easy") was an Illinois company with an office for the transaction of business located at 5100 Lincoln Avenue, Lisle, Illinois 60532.

14. Upon information and belief, at all times material, Easy was registered with the United States Department of Transportation as an interstate motor carrier with U.S.D.O.T. number 2195090.

15. Upon information and belief, at all times material, all of the defendants were interstate motor carriers, with respect to the transportation of the Cargo, for purposes of the Carmack Amendment, 49 U.S.C. § 14706.

## FACTUAL BACKGROUND

16. In or around July 23, 2021, BBM purchased the Cargo from non-party vendor Brown-Forman Beverages Worldwide, the owner of the Jack Daniel Distillery in Lynchburg, Tennessee.

17. BBM contracted with JPF to arrange transportation of the Cargo from the Jack Daniel Distillery in Tennessee to BBM, in Minnesota.

18. A "Bill of Lading," No. 7471846, was prepared by the shipper of the Cargo, Jack Daniel Distillery, covering interstate motor transport of the Cargo from Lynchburg, Tennessee to St. Paul, Minnesota.

19. Upon information and belief, the Bill of Lading identified JPF as the "Carrier."

20. Upon information and belief, JPF signed the Bill of Lading as "Carrier."

21. Without BBM's knowledge, upon information and belief, JPF contracted with JRO to transport the Cargo from Tennessee to Minnesota.

22. Without BBM's knowledge, upon information and belief, JRO contracted with Easy to transport the Cargo from Tennessee to Minnesota.

23. Upon information and belief, the Bill of Lading identified Easy as "Drayman."

24. Upon information and belief, on July 23, 2021, Defendants, in consideration of certain agreed freight charges, picked up, received, and accepted the Cargo, then in good order and condition, at the Jack Daniels Distillery facility in Lynchburg, Tennessee, issued or accepted the Bill of Lading to cover the subject shipment, and agreed to carry the Cargo by truck from Lynchburg, Tennessee to St. Paul, Minnesota.

25. Upon information and belief, at some point after Defendants received the Cargo in Tennessee, the Cargo disappeared during transportation from Tennessee to Minnesota.

26. As a result of circumstances unknown to Plaintiffs, the Cargo was lost during transport and was never delivered to BBM.

27. BBM suffered resultant losses totaling $288,621.25 in damages, as nearly as can now be determined.

28. BBM submitted a claim to Starr for its losses, and Starr paid BBM $188,621.25 to settle the claim, which was net of BBM's $100,000 deductible under the applicable insurance policy. Starr thereby became subrogated BBM's rights to the extent of that payment.

29. BBM retains uninsured losses in connection with the loss of the Cargo, including without limitation BBM's $100,000 insurance policy deductible amount.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### BREACH OF CONTRACT OF MOTOR CARRIAGE

30. All of Plaintiffs' allegations in the foregoing paragraphs are incorporated by reference with equal force and effect as though fully set forth at length herein.

31. All Defendants were interstate motor carriers with respect to the Cargo, for purposes of the Carmack Amendment, 49 U.S.C. § 14706.

32. As motor carriers of goods for hire, Defendants were obligated, under the Carmack Amendment, and the terms of the Bill of Lading, to properly and safely transport, handle, carry, keep, care for, discharge, and deliver the Cargo, in the same good order and condition as when received by Defendants.

33. Defendants breached those duties by failing to deliver the Cargo, after having received it.

34. As a direct and proximate cause of Defendants' breach of their duties under the Carmack Amendment, Plaintiffs sustained damages, as nearly can now be determined, no part of which has been paid although duly demanded, in the principal amount of $288,621.25.

## SECOND CAUSE OF ACTION AGAINST JPF
## NEGLIGENCE

35. All of Plaintiffs' allegations in the foregoing paragraphs are incorporated by reference with equal force and effect as though fully set forth at length herein.

36. BBM contracted with JPF, and only JPF, to transport the Cargo from Tennessee to Minnesota.

37. Without BBM's knowledge, upon information and belief, JPF selected and contracted with JRO and/or Easy to transport the Cargo from Tennessee and deliver it to BBM in Minnesota.

38. At all times material, JPF owed BBM a duty of care in the selection and contracting of another carrier or carriers, in this case JRO and/or Easy, to safely, reliably and properly transport and deliver the Cargo to BBM.

39. In entrusting BBM's Cargo to JRO and/or Easy, JPF owed BBM a duty of care to select a carrier or carriers which would not cause loss or damage to the Cargo.

40. In entrusting BBM's Cargo to JRO and/or Easy, JPF owed BBM a duty of care to select a carrier which was properly insured against the risk of loss or damage to the Cargo.

41. JPF breached its duty of care owed to BBM to exercise care in the selection and contracting of a carrier, in this case JRO and/or Easy, to safely, reliably and properly transport and deliver the Cargo to BBM.

42. JPF breached its duty of care owed to BBM to select a Carrier or carriers which would not cause loss or damage to the Cargo.

43. As a direct and proximate result of JPF's negligence and breach of its duties of care owed to BBM, the Cargo was lost during interstate motor transportation.

44. JPF breached its duty of care owed to BBM to select a Carrier which was properly insured against the risk of loss or damage to the Cargo by, *inter alia*, selecting and entrusting the Cargo of liquor to a carrier whose Cargo insurance, upon information and belief, excluded coverage for Cargoes of liquor.

45. As a direct and proximate result of JPF's negligence and breach of its duties of care owed to BBM, Plaintiffs have borne the financial damage of the loss of the Cargo with no reimbursement from any carrier, or their insurer, from whose possession or control the Cargo was lost.

46. As a direct and proximate cause of Defendants' negligence, Plaintiffs sustained damages, as nearly can now be determined, no part of which has been paid although duly demanded, in the principal amount of $288,621.25.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants in the principal amount of $288,621.25, together with interest, costs, disbursements, and such other and further relief as this Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

Dated:  December 1, 2022         /s/ Jessica K. Allen_____
                                 Jessica K. Allen, No. 386843
                                 Hilary R. Hannon, No.
                                 Pfefferle Kane LLP
                                 100 North 6th Street
                                 Suite 600A
                                 Minneapolis, MN 55403
                                 612-573-3000
                                 jallen@pfefferlekane.com

hhannon@pfefferlekane.com

*Attorneys for Plaintiffs*