# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, INC. a/s/o Breakthru Beverage Minnesota Wine & Spirits, LLC, and BREAKTHRU BEVERAGE MINNESOTA WINE & SPIRITS, LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>JPF INC., JRO GLOBAL, INC., and EASY EXPRESS,<br><br>      Defendants.<br><br>JPF INC.,<br><br>      Third-Party Plaintiff,<br><br>v.<br><br>JRO GLOBAL, INC.<br><br>      Third-Party Defendant. | Civil Case No. 0:22-cv-03007-WMW-DTS<br><br><br><br>**JPF INC.'S ANSWER TO PLAINTIFFS' COMPLAINT AND ITS CROSSCLAIM AGAINST JRO GLOBAL, INC.** |

For its Answer to the Complaint of Plaintiffs Starr Indemnity & Liability Company, Inc. a/s/o Breakthru Beverage Minnesota Wine & Spirits, LLC ("Plaintiffs), Defendant, JPF, Inc. ("JPF" or "Defendant"), by and through its counsel, states and alleges as follows:

## GENERAL DENIAL

JPF denies each and every allegation, matter, and thing set forth in Plaintiffs' Complaint, except as hereafter admitted, qualified, or explained, and in response to the numbered paragraphs of the Complaint.

## INTRODUCTION

1. With respect to Paragraph 1 of Plaintiffs' Complaint, Defendant admits only that the Complaint speaks for itself.

## JURISDICTION & VENUE

2. Defendant denies the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Defendant denies the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

## PARTIES

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. With Respect to the allegations contained in Paragraph 5 of Plaintiffs' Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

6. With Respect to the allegations contained in Paragraph 6 of Plaintiffs' Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

7. With Respect to the allegations contained in Paragraph 7 of Plaintiffs' Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

8. With Respect to the allegations contained in Paragraph 8 of Plaintiffs' Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint. Defendant affirmatively states that it is a federally authorized transportation Broker, operating pursuant to USDOT No. 2216218.

11. Defendant admits the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. With Respect to the allegations contained in Paragraph 13 of Plaintiffs' Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

14. With Respect to the allegations contained in Paragraph 14 of Plaintiffs' Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

## FACTUAL BACKGROUND

16. With Respect to the allegations contained in Paragraph 16 of Plaintiffs' Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

17. Defendant admits the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. With respect to the allegations contained in Paragraph 18 of Plaintiffs' Complaint, Defendant admits only that the Bill of Lading speaks for itself.

19. With respect to the allegations contained in Paragraph 19 of Plaintiffs' Complaint, Defendant admits only that the Bill of Lading speaks for itself. Defendant affirmatively states that it is not the "Carrier" of the Cargo as alleged in the Plaintiffs' Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. Defendant admits that "JPF contracted with JRO to transport the Cargo from Tennessee to Minnesota" as alleged in Paragraph 21 of Plaintiffs' Complaint. Defendant denies the remaining allegations therein. Defendant affirmatively states that it has provided interstate transportation brokerage services for BBM since the early 1990s.

22. With Respect to the allegations contained in Paragraph 22 of Plaintiffs' Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

23. With Respect to the allegations contained in Paragraph 23 of Plaintiffs' Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25. Defendant denies that it "received the Cargo in Tennessee" as alleged in Paragraph 25 of the Plaintiffs' Complaint. With Respect to the remaining allegations contained in Paragraph 25 of Plaintiffs' Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

26. With Respect to the allegations contained in Paragraph 26 of Plaintiffs' Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

27. With Respect to the allegations contained in Paragraph 27 of Plaintiffs' Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

28. With Respect to the allegations contained in Paragraph 28 of Plaintiffs' Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

29. With Respect to the allegations contained in Paragraph 29 of Plaintiffs' Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
## BREACH OF CONTRACT OF MOTOR CARRIAGE

30. With respect to the allegations contained in Paragraph 30 of Plaintiffs' Complaint, Defendant realleges and incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION AGAINST JPF
## NEGLIGENCE

35. With respect to the allegations contained in Paragraph 35 of Plaintiffs' Complaint, Defendant realleges and incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38. The allegations contained in Paragraph 38 of Plaintiffs' Complaint call for legal conclusions to which no answer is required.

39. The allegations contained in Paragraph 39 of Plaintiffs' Complaint call for legal conclusions to which no answer is required.

40. The allegations contained in Paragraph 40 of Plaintiffs' Complaint call for legal conclusions to which no answer is required.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a cause of action upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of set-off, offset, and recoupment.

4. Plaintiff's claims are barred or otherwise limited to the extent it failed to mitigate damages.

5. Plaintiff fails to join an indispensable party.

6. Plaintiff lacks standing and is not the real party in interest.

7. Plaintiff's damages, if any, were caused by its own actions, omissions or negligence over which plaintiff had no control.

8. Plaintiff's damages, if any, were caused by the actions, omissions or negligence of third parties over which plaintiff had no control.

9. Plaintiff's claims may be barred, in whole or in part, by the doctrine of estoppel.

10. Plaintiff's claims may be barred, in whole or in part, by the doctrine of unclean hands.

11. Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver and release.

12. Plaintiff's claims are barred by the defense of payment.

13. Plaintiff's claims are barred by the defense of laches.

## **CROSSCLAIMS**

JPF, Inc., for its Crossclaim against JRO Global, Inc. states and alleges as follows:

1. JPF restates and realleges all preceding paragraphs of this pleading as if fully set forth herein.

**FACTUAL BACKGROUND**

2. On July 23, 2021, JPF and JRO entered into a Carrier/Broker Agreement ("Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

3. Under the Agreement, JRO agreed to transport the goods as a federally authorized motor carrier for JPF customers, including Beverage Minnesota Wine & Spirits, LLC ("BBM"). Ex. A. § 1.

4. JRO further agreed that "a Shipper's insertion of Broker's [JPF] name as the carrier on the bill of lading shall be for shipper's convenience only and shall not change Broker' [JPF] status as a property broker nor Carrier's [JRO] status as a motor carrier." *Id.* § 4.

5. JRO further agreed to not re-broker, assign or interline the shipments under the Agreement, without prior written consent of JPF. *Id.* § 5. JRO further agreed that in addition to indemnity obligations, that it will be liable for consequential damages for violating Section 5 of the Agreement. *Id.*

6. JRO further agreed to indemnify and hold JPF harmless from any claims or loss resulting out of any act or omission of Carrier [JRO]…in the performance of this Agreement or the services provided hereunder." *Id.* § 11.

7. JPF and BBM have been in a broker-customer relationship since 1992.

8. In July 2021, BBM contacted JPF to arrange transportation of certain cargo from the Jack Daniel Distillery in Tennessee to BBM in Minnesota.

9. JPF thereafter arranged for JRO to transport the cargo as provided under the Agreement.

10. Unbeknownst to JPF, JRO re-brokered the shipment to Easy Express.

11. On information and belief, Jack Daniels Distillery released the load to Easy Express for transport to Minnesota.

12. Easy Express never delivered the cargo to BBM in St. Paul, Minnesota.

13. To date, the location and status of the cargo is unknown.

14. BBM then filed suit against JPF alleging, *inter alia*, JPF breached its contract with BBM by failing to deliver the cargo, claiming damages in excess of $100,000.

## COUNT ONE
## BREACH OF CONTRACT

15. JPF restates and incorporates all preceding paragraphs of its crossclaims as if fully set forth herein.

16. The Agreement is a binding and enforceable contract.

17. Pursuant to the Agreement, JRO agreed to act as JPF's carrier and further agreed to not re-broker, assign, or interline the shipments under the Agreement.

18. JPF fulfilled all conditions precedent to its right to demand performance by JRO.

19. JRO breached the Agreement by re-brokering the cargo to Easy Express.

20. As a direct and proximate result of JRO's breaches of the Agreement, JPF has suffered and will suffer damages in excess of $100,000 to be proven at trial.

# COUNT TWO
# INDEMNIFICATION

1. JPF restates and incorporates all preceding paragraphs of its crossclaims as if fully set forth herein.

2. JRO agreed to indemnify and hold harmless JPF under the Agreement.

3. BBM and Star have alleged JPF is liable for the missing cargo that was in Easy Express's possession, custody, and control.

4. JPF is entitled to indemnification by JRO.

**WHEREFORE**, Defendant JPF, Inc. pray for relief as follows:

1. Dismissing BBM's and Starr's Complaint with prejudice and on the merits;

2. Awarding judgment in favor of JPF and against JRO on its Crossclaims for an amount to be determined at trial, together with an award of JPF's costs, disbursements, and attorneys' fees as may be allowed by law and the parties' contract; and

3. Awarding JPF such other relief as the Court deems just and equitable.

**DeWITT, LLP**

DATED: December 27, 2022

By: */s/Jason E. Engkjer*
Jason E. Engkjer (#0318814)
Michael J. Pfau (#0402787)
2100 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
T: (612) 305-1400
F: (612) 305-1414
jee@dewittllp.com
mjp@dewittllp.com

***Attorneys for Defendant and Third-Party Plaintiff JPF INC.***