RECEIVED BY MAIL
JAN 23 2023
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, INC. a/s/o Breakthru Beverage Minnesota Wine & Spirits, LLC, and BREAKTHRU BEVERAGE MINNESOTA WINE & SPIRITS, LLC, <br><br> Plaintiffs, <br><br> -vs- <br><br> JPF, INC., JRO GLOBAL, INC., and EASY EXPRESS, LLC, <br><br> Defendants. | Civil Case No. 0:22-cv-03007-WMW-DTS |

### **EASY EXPRESS, LLC ANSWER TO PLAINTIFF'S COMPLAINT**

For its Answer to the Complaint of Plaintiff's Starr Indemnity & Liability Company, Inc. a/s/o Breakthru Beverage Minnesota Wine & Spirits, LLC ("Plaintiffs"), Defendant, Easy Express, LLC ("Easy Express" or "Defendant"), states and alleges as follows:

### **GENERAL DENIAL**

Easy Express, LLC denies each and every allegation, matter, and thing set forth in Plaintiffs' Complaint, except as hereafter admitted, qualified, or explained, and in response to the numbered paragraphs of the Complaint.

### **INTRODUCTION**

1. With respect to Paragraph 1 of Plaintiff's Complaint, Defendant denies the allegations. Defendant never had a contract of interstate motor carriage with the BBM.

### **JURISDICTION & VENUE**

2. Defendant denies the allegations contained in Paragraph 2 of Plaintiffs' Complaint.



3. Defendant denies the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

## PARTIES

4. With Respect to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

5. With Respect to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

6. With Respect to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

7. With Respect to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

8. With Respect to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

9. With Respect to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

10. With Respect to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

11. With Respect to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

12. With Respect to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

13. Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. With Respect to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

## FACTUAL BACKGROUND

16. With Respect to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

17. With Respect to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

18. With Respect to the allegations contained in Paragraph 18 of Plaintiff's Complaint, Defendant admits only that the Bill of Lading speaks for itself.

19. With Respect to the allegations contained in Paragraph 19 of Plaintiff's Complaint, Defendant admits only that the Bill of Lading speaks for itself.

20. With Respect to the allegations contained in Paragraph 20 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

21. With Respect to the allegations contained in Paragraph 21 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

22. With Respect to the allegations contained in Paragraph 22 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

23. With Respect to the allegations contained in Paragraph 23 of Plaintiff's Complaint, Defendant admits only that the Bill of Lading speaks for itself.

24. Defendant denies the allegation contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant admits that it "received the Cargo in Tennessee" as alleged in Paragraph 25 of the Plaintiff's Complaint. Easy Express, LLC picked up the cargo that was going from TN to Carol Stream, IL. With Respect to the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendant lacks sufficient information to admin or deny and therefore, denies the same.

26. With Respect to the allegations contained in Paragraph 26 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

27. With Respect to the allegations contained in Paragraph 27 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

28. With Respect to the allegations contained in Paragraph 28 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

29. With Respect to the allegations contained in Paragraph 29 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

### FIRST CAUSE OF ACTION AGAINS ALL DEFENDANTS
### BREACH OF CONTRACT OF MOTOR CARRIAGE

30. With respect to the allegations contained in Paragraph 30 of Plaintiffs' Complaint, Defendant realleges and incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

31. With Respect to the allegations contained in Paragraph 31 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

### FIRST CAUSE OF ACTION AGAINS ALL DEFENDANTS
### BREACH OF CONTRACT OF MOTOR CARRIAGE

35. With respect to the allegations contained in Paragraph 35 of Plaintiffs' Complaint, Defendant realleges and incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

36. With Respect to the allegations contained in Paragraph 36 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

37. With Respect to the allegations contained in Paragraph 37 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

38. With Respect to the allegations contained in Paragraph 38 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

39. With Respect to the allegations contained in Paragraph 39 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

40. With Respect to the allegations contained in Paragraph 40 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

41. With Respect to the allegations contained in Paragraph 41 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

42. With Respect to the allegations contained in Paragraph 42 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

43. With Respect to the allegations contained in Paragraph 43 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

44. With Respect to the allegations contained in Paragraph 44 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

45. With Respect to the allegations contained in Paragraph 45 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

46. With Respect to the allegations contained in Paragraph 46 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny and therefore, denies the same.

## **AFFIRMATIVE DEFENSES**

1. On July 23, 2021, Easy Express, LLC dispatcher Casper booked a shipment #2952 with a freight broker AB Broker, Inc with U.S. DOT number 3484777, located at 747 E Boughton Rd Ste 151, Bolingbrook, IL 60440.

2. Upon information and belief, at all times material, AB Broker, Inc was registered with the United States Department of Transportation as a freight broker with U.S. DOT number 3484777.

3. Upon information and belief, at all times material, AB Broker, Inc was located at 747 E Boughton Rd Ste 151, Bolingbrook, IL 60440.

4. Easy Express, LLC has no knowledge of other parties listed in the case, such as Beverage Minnesota Wine & Spirits, LLC ("BBM"), Starr Indemnity & Liability Company, Inc ("Starr"), JPF, Inc, or JRO Global, Inc.

5. Per rate confirmation received from AB Broker, Inc (abbrokerinc1@gmail.com) the shipment was going from Jack Daniels, 1926 Fayetteville Hwy, Lynchburg, TN to Warehouse, 350 Randy Rd Unit 7, Carols Stream, IL 60188 (Exhibit1).

6. Per rate confirmation received from AB Broker, Inc (abbrokerinc1@gmail.com) the shipment was to be considered as a blind shipment. Blind shipment is a common practice in a trucking industry, which is used by many major freight brokers, therefore, there was no reason for Easy Express, LLC to suspect that the destination information provided by AB Broker, Inc might be incorrect.

7. Per broker instructions, carrier cannot call the customer or shipper, or it will result in the rate deduction.

8. On July 24, 2021, shipment was delivered to Carol Stream, IL (GPS location history - Exhibit 4 & 5), and broker AB Broker, Inc was informed about the completion of the delivery, and also provided with the bill of lading picture (Exhibit 3). As the confirmation and approval that shipment was delivered, broker issued a payment to the motor carrier Easy Express, LLC (Exhibit 2).

9. Upon information and belief, Easy Express, LLC completed the shipment as agreed per rate confirmation with the AB Broker, Inc.

10. Upon information and belief, Easy Express, LLC and BBM, never had any communication, contract, or tender agreement.

11. It is believed, that Easy Express, LLC did not breach any duties as the carrier, since the delivery instructions provided by the freight broker were followed properly, there was no other agreement in place, and freight was delivered to the destination listed on the tender agreement between Easy Express, LLC and AB Broker, Inc.

12. Upon information and belief, the breach of contract happened between the BBM and JPF Inc and JRO Global, Inc, but not between the BBM and Easy Express, LLC.

13. Upon information and belief, JPF Inc, JRO Global, Inc and AB Broker, Inc are responsible parties for this freight due to breaching the contract, double brokering the freight through multiple motor carriers and freight brokers, and involving another motor carrier in fraudulent practices.

14. Easy Express, LLC cooperated with the investigator Tom Gorniak, who was hired for this case by one of the parties involved. Investigator reached out to Easy Express, LLC in March of 2022. All paperwork and information was provided to the investigator, as it was requested (Exhibit 6).

## **DEMAND FOR RESOLUTION OF THIS MATTER**

15. **Wherefore**, Easy Express, LLC requests to be dismissed from this case as the defendant, and denies the allegations and liability, since at the time of hauling the shipment, Easy Express, LLC had no knowledge of any other agreements with other parties, and could not suspect the double-brokering activity. Easy Express, LLC properly performed the motor carrier duties, and followed the instructions provided by the freight broker AB Broker, Inc who provided the shipment details to Easy Express, LLC.

Dated: January 10, 2023

_____
(Signature)

EASY EXPRESS, LLC
Denis Grigorjev
5100 Lincoln Ave,
Lisle, IL 60532
info@easyexpressllc.com